**FIRST AMERICAN TITLE INSURANCE COMPANY; Commonwealth Land Title Insurance Company; Chicago Title Insurance Company, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 05–35520.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.[1]

Filed March 27, 2008.

---

**1.** We withdrew this case from submission because the Supreme Court granted certiorari in *EC Term of Years v. United States,* 549 U.S. ——, 127 S.Ct. 467, 166 L.Ed.2d 333 (2006). After the decision came down in that case, we requested letter briefs speaking to the effect of *EC Term of Years,* and then resubmitted this case.

Robert J. Henry, Lasher, Holzapfel, Sperry & Ebberson, PLLC, Seattle, WA, for the appellants.

John A. Dudeck, Jr., Tax Division, U.S. Department of Justice, Washington, DC, for the appellee.

Before MARY M. SCHROEDER, ANDREW J. KLEINFELD and CARLOS T. BEA, Circuit Judges.

## OPINION

KLEINFELD, Circuit Judge:

This is a tax collection case about a third party challenge to a tax assessment and lien on an earlier owner's property.

## FACTS

In 1991, Penny Jensen's mother, Roberta Smith, died, and Jensen was named the personal representative of her mother's estate. The estate consisted of three houses and the stock of a corporation that owned a hamburger drive-in (Frisko Freeze, Inc.).

The estate filed its federal estate tax return in 1992. The return valued the estate at $1,302,129, calculated taxes at $144,323, and elected to pay the $144,323 with about $45,000 down and the rest on an installment plan.[2] Jensen then conveyed the three houses to herself and her husband.

Over the next two years, Jensen sold the houses to three different purchasers. All were bona fide purchasers for value, and all obtained title insurance from the three plaintiffs in this case. Despite their title searches, all three title insurance companies did not discover that the houses were encumbered by tax liens because the taxes on the estate were largely unpaid.

Subsequently the IRS audited the estate and concluded that the hamburger drive-in was worth more than the $762,275 valuation the estate had put on it. Eventually, in 1994 (after the three houses had been sold) the IRS and Jensen, as personal representative of the estate, compromised on a value of $911,987, increasing the estate taxes by $49,416. Jensen, as personal representative, signed an IRS Form 890 waiving restrictions on assessment and collection and agreeing that "by signing this waiver, a petition in the United States Tax Court may not be made."

The problem that generated this case arose when, not long after agreeing to the higher assessment, Ms. Jensen quit paying the estate taxes.[3] She and Frisko Freeze, Inc. eventually filed for bankruptcy. The estate left the IRS short by a claimed $189,372. Since by now the supposedly undervalued Frisko Freeze, Inc. hamburger drive-in had failed and Jensen was not paying the tax debt, the IRS went after

---

**2.** 26 U.S.C. § 6166 provides for installment plans for payment of estate taxes where much of the estate's value is an interest in a closely held business.

**3.** The estate made one additional payment ($15,898 in July of 1994), but nothing more.

the three houses. The homeowners made claims on their title insurers, and the title insurers paid off the tax liens under protest and brought this case. On the merits, which we cannot reach, this case challenges the IRS's high valuation of the hamburger drive-in.

The title companies sued under 28 U.S.C. § 1346 to recover "federal estate tax ... erroneously or illegally assessed and collected." The district court concluded that the court lacked jurisdiction to decide the title insurers's claims under § 1346, and denied leave to amend to join Ms. Jensen as a plaintiff because amendment would make no difference. The title insurers appeal, and we affirm.

## ANALYSIS

Sovereign immunity protects the government from suit except to the extent of its consent. 28 U.S.C. § 1346 is the general statute providing jurisdiction in the district courts for taxpayer suits against the IRS. 26 U.S.C. § 7426 is the statute providing jurisdiction for suits by persons other than taxpayers. The problem for the title insurers is that § 7426(c) does not let them challenge the assessment of how much Frisko Freeze was worth, and the assessment is what they claim makes the taxes they paid too high.

**Validity of Assessment.**

> For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid.[4]

To avoid the irrebuttable presumption of the validity of the assessment on the hamburger stand, the title insurers seek to sue under § 1346, which does not have that presumption, instead of § 7426, which does.

The title insurers had a good argument (though we need not reach the question whether it was correct) under the Supreme Court's decision in *United States v. Williams*[5] (though that decision expressly did not decide whether a third party could challenge an assessment under section 1346)[6] and our decision in the same case.[7] But the Court's recent decision in *EC Term of Years Trust v. United States*[8] narrows the permissible interpretation of *Williams* and there can no longer be a good argument for allowing a third-party challenge to an assessment, barred by § 7426, to be made under § 1346.

*EC Term of Years* involved a third party trying to avoid the statute of limitations in § 7426 by suing under § 1346.[9] The Court granted certiorari in *EC Term of Years* "[b]ecause the Ninth Circuit, [disagreeing with the Fifth], has held that § 7426(a)(1) is not the exclusive remedy for third parties challenging a levy."[10] The Court held that the third party could not sue under § 1346 because that would be irreconcilable with the general principle that a "detailed statute pre-empts more general remedies."[11] Because § 7426 was the more detailed statute for third party challenges to a levy, the § 7426 statute of limitations applied.[12]

4. 26 U.S.C. § 7426(c).

5. 514 U.S. 527, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995).

6. *Id.* at 540 n. 10, 115 S.Ct. 1611.

7. 24 F.3d 1143, 1145 (9th Cir.1994).

8. 550 U.S. ——, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007).

9. *Id.* at 1768.

10. *Id.*

11. *Id.*

12. *Id.* at 1769.

■ The case before us involves a challenge to an assessment (of the value of the Frisko Freeze, Inc. stock), not a levy, but this is a distinction without a difference. We conclude that § 7426 is the sole remedy here, for the same reason that it was in *EC Term of Years.* Unlike § 1346, § 7426 applies specifically to third party actions, and § 7426 limits the third party to an action for a determination that the value of the government's interest in the property is less than the value determined by the Secretary.[13] The assessment cannot be challenged in a § 7426 action.[14] In this case, the title insurers challenge the assessment the IRS made of the value of Frisko Freeze, Inc., and that, under § 7426(c), they cannot do. By analogy to the reasoning in *EC Term of Years,* the general remedy of § 1346 cannot be made available to challenge the assessment, because § 7426, which gives district courts jurisdiction over third party challenges, is more specific and prohibits the challenge.

■ In district court, the plaintiffs sought to cure the § 7426 bar to third-party challenges to the assessment by amending their complaint to include as a plaintiff Ms. Jensen, the personal representative of the estate. The district court denied leave to amend because the amendment would have been futile. That was correct. Under 26 U.S.C. § 6402(a), a refund may only be made to "the person who made the overpayment," and Ms. Jensen did not make the overpayment, assuming there was one, so she could not sue for a refund.[15] Also, she had agreed to the assessment.

The title insurers argue that they should still fall under *Williams,* not *EC Term of Years,* because *EC Term of Years* involved a levy, while *Williams,* like this case, involved a lien. There is a difference between a lien, which is an encumbrance on property, and a levy, which is a seizure of the property. This distinction, though, does not justify treating all lien cases, whatever the case may be, under *Williams* (§ 1346) as opposed to *EC Term of Years* (§ 7426). The insuperable obstacle to doing so is that it would evade the specific limitation in § 7426 on challenges to the assessment.

Justice does not require that § 1346 be embraced to avoid the § 7426 limitation on challenges to assessments. Had Jensen paid the estate taxes when due, or paid the installments and not gone bankrupt, she could not have challenged the assessment, because she had agreed to it. There is no good reason why her failure to pay the estate's taxes should reopen the valuation of Frisko Freeze, Inc. True, the homeowners and the title insurers that stepped into their shoes did not have a chance to challenge the assessment. But the assessment was not really their problem. Their problem was that the real estate chain of title included an estate that had not paid its taxes. A third party that pays a tax to eliminate a tax lien on the third party's property is, under § 7426(c), bound by the assessment on the property.

AFFIRMED.

---

**13.** 26 U.S.C. § 7426(a)(4).

**14.** 26 U.S.C. § 7426(c).

**15.** *See Bruce v. United States,* 759 F.2d 755, 758–59 (9th Cir.1985).